## KRASKO v MOREHEAD

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10535. Decided April 21, 1930

Allen, Gale & Silveo, Cleveland, for Krasko.

Howell, Roberts & Duncan, Cleveland, for Morehead.

LEMERT, J and SHERICK, J (5th Dist) and ROBERTS, J (7th Dist) sitting

SHERICK, J.

The plaintiff's objection is not well taken for the reason that the testimony offered can not be decisive of the issues involved.

The plaintiff in this action seeks to declare a trust in certain real estate and to set aside a conveyance. The defendant answers by way of general denial and cross-petition seeking a quieting of her title to the premises in dispute. The facts as disclosed by the pleadings and stipulations are as follows:

In the year 1902, one August Sommerfeld died testate, leaving a widow and two children surviving him. The plaintiff is one of his daughters. The defendant is a child of the other daughter of the testator. The will provides first for the payment of the debts of the estate. The second and only other clause thereof presents the question in this case and is in these words:

"I devise and bequeath to my wife Constance Sommerfeld all my propetry, real and personal, she has a right to sell that at any time, and use the proceeds of it to make her existance, she shall have the right to execute a deed the same as I was alive, and she shall be their own executor without giving bond, and the property shall not be appraised. Non of my children shall inherit, but after my wife's death they shall inherit in equal shares."

From the date of the husband's death to the year 1922, the widow continued to reside on the premises, at which time she became incapacitated due to illness and advanced age, she then being 77 years of age, and with practically no means of support other than the property devised to her, and which then had a value of not to exceed $3500.00.

On the 6th day of November, 1922, the widow conveyed the property to the defendant. This instrument contained the following covenants

"The grantor herein, in pursuance of the power vested in her to sell said lands, hereby sells the same to maintain herself; said grantee having already given $500.00 and agreeing further to maintain and care for this grantor for the rest of her natural life; wherefore, grantor merely reserves for herself a life estate only, the mother of grantee further having helped grantor ever since death of grantor's husband, having also spent over $300.00 for improving grantor's property."

It further appears from the pleadings that from 1922 to the 6th day of December 1927, the date of the widow's death, that she was cared for and maintained by the defendant; and that during the last several years of her life she was afflicted with cancer and required constant attention. It is also alleged and not denied that the defendant improved the property, paid the

**530**

taxes during her sojourn and also the widow's medical and funeral accounts. And that the value of her expenditures and services exceed the value of the property.

Close examination of the second item of the testator's will convinces us that it was the intention of the testator to invest his widow with the full fee simple title to the premises. It will be noted that the property is devised to her with full power to sell and convey the same for her maintenance the same as the deceased could have done if he was alive. It is nowhere said therein that the widow shall receive but a life estate. The first sentence, that is down to the word "appraised", is positive and without limitation, and to hold, considering the first sentence of the item only, that a life estate was intended would do violence to the intention of the testator and write therein that which is not there.

The item contains but one further sentence, which is divided into two short phrases, and which are in direct conflict with each other. The first phrase is a positive injunction that "non of my children shall inherit." And the testator's language as we see it needs no implication to bring us to the view that it was his intention to disinherit his children.

But it is claimed that the last clause of the item in conjunction with the power of sale granted in the first sentence places a limitation and engrafts a life estate on the devise to the widow. We are not in accord with this view. We believe it to be the rule that where an estate is given to a person generally, or indefinitely, with an absolute power to convey, as in this case, that a fee simple title is intended thereby to be granted; and that the only exception to the rule is, where the first taker is granted a life estate only by express words, or by clear limitation or clear and justifiable implication, a life estate is plainly shown to have been intended by a testator.

It is the law that subsequent language which would cut down an estate in fee to a lesser estate must be as clear and decisive as the words by which the estate in fee was given in the first instance. The language must not be vague nor can it be inferred where in the same sentence it is positively provided otherwise and in the next breath stated, "but after my wife's death they shall inherit in equal shares"; and it is the view of this court that the only effect of the use of the language used in the item's last clause was that the testator desired and wished his children to share equally in any inheritance they might receive from the mother and not from him.

The settled policy of the law of this state as expressed in 10580 GC is helpful of a determination of the question. It is therein provided that "every devise in a will of lands, ***** shall convey all the estate of the devisor therein, which he could lawfully devise, unless it clearly appear by the will that the devisor intended to convey a less estate."

The case of **Home vs. Lippardt, 70 Oh St 261** is supporting; and we are not of the view that the reason therein, as applied to the instant case, is distinguished to the point of having been overruled in **Tax Commission vs. Oswald, 109 Oh St 36,** for in the second item of the will construed in the last named case there is a clear limitation upon the fee granted in the first items.

It is contended that the deed is without adequate consideration. The facts alleged and admitted are positive proof of the unsoundness of the claim. The defendant has more than fully paid by her funds and honest service, and has fully performed that which the covenant of the deed imposed upon her. The widow made an agreement most advantageous to her and thereby carried out by the exercise of the power granted her the expressed intention of the testator's will. We see no reason or equity in disturbing the things done and the title of the defendant in and to the property be and the same is hereby quieted and the amended petition dismissed at plaintiff's costs. Exceptions may be noted.

Lemert, J, and Roberts, J, concur.